IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KHALIFAH ABD-AL MUHAYMIN FARUQ                                PLAINTIFF

      v.      Civil No. 06-5182

SGT. BENJAMIN LITTLE, Siloam Springs
Police Department, JAMES HODGES,
Siloam Springs Police Department; RANDY
WILLIAMS, Owner of Williams Trucking
and A & W. Trucking; BETH ECHOLS,
Deputy Prosecuting Attorney, et al.                                 DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Khalifah Abd-Al Muhaymin Faruq, a detainee of the Greene County Jail, Springfield, Missouri, brings this pro se civil rights action. The complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

### **I. Background**

In his complaint, Faruq alleges his constitutional rights are being violated by the failure of officials in Benton County, Arkansas, to afford him a speedy trial or dismiss a warrant for felony theft of property belonging to the Siloam Springs Fitness Center and its owner, Randy Williams. Faruq has been incarcerated since November 17, 2003, in Greene County, Missouri, on charges unrelated to those at issue in this complaint. On March 22, 2004, Faruq indicates he was notified by Greene County officials that there was a detainer on him under the name Louis Lamar a/k/a Faruq issued by the Siloam Springs Police Department (warrant hold #SSF-026-03 and case 03F001578).

On May 28, 2004, Faruq indicates he filed a request for a speedy trial with the Siloam Springs Circuit Clerk's office. According to Faruq, on June 11, 2004, Robert C. Balfe, then a prosecuting attorney for Benton County, wrote back and stated that Faruq's name was not in the system anywhere.

On July 17, 2005, Faruq alleges he requested that a query be sent over the NCIC database to check for any hits. On July 23, 2005, Faruq indicates Amy Harrison of the Siloam Springs Police Department confirmed there was a valid warrant for Faruq and that they would extradite Faruq. Faruq indicates he was told to contact Sgt. Nance of the Benton County Sheriff's Department for verification of the warrant. Faruq indicates he was advised that there was no active warrant.

On August 30, 2005, Faruq states he filed a motion to dismiss the underlying charges with the Siloam Springs Circuit Clerk's Office. No response was filed to his motion. For this reason, Faruq indicates he filed on October 3, 2005, in the Circuit Court of Greene County a "writ of habeas corpus fighting extradition." After having been advised by Benton County to dismiss the hold, Faruq indicates the Greene County Circuit Court entered an order dismissing the warrant.[1]

On December 19, 2005, Faruq alleges Jay Saxton, public defender in Benton County, was contacted and Faruq was told that a case had been filed in the Benton County Circuit Court. On December 22, 2005, the Siloam Springs Police Department advised Greene County officials to replace the warrant hold due to there being an active warrant.

---

[1] It appears the Greene County Circuit Court dismissed a fugitive warrant issued by it on December 15, 2005. *See Docket Sheet of the Greene County Circuit Court attached to the complaint.*

AO72A
(Rev. 8/82)

As relief, Faruq asks for monetary damages for each day the detainer has been in place after the 180 day time period in which he maintains he should have been brought to trial. He also asks for lost wages, a trial by jury, and that the Siloam Springs Police Department be ordered to pay for the lost property.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

In *Smith v. Hooey*, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969), Smith was indicted in 1960 in Texas on a state charge while he was a prisoner in a federal penitentiary in Kansas. *Id.*, 393 U.S. at 375. For six years, Smith asked to be brought to trial in Texas. *Id.* Texas, however, took no steps to obtain Smith's appearance in the Texas trial court. *Id.* In 1967, Smith filed a motion to dismiss the charge for want of prosecution but no action was taken on the motion. *Id.* Smith then brought a mandamus proceeding in the Texas Supreme Court. *Id.* Mandamus was refused. *Id.*

The Supreme Court set aside the order of the Texas Supreme Court. In doing so, it noted the Sixth Amendment guarantee was thought to protect "at least three basic demands of criminal justice in the Anglo-American legal system: '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to

limit the possibilities that long delay will impair the ability of an accused to defend himself." *Hooey,* 393 U.S. at 378.

The court noted that an individual already incarcerated might suffer as much oppression as is suffered by "one who is jailed without bail upon an untried charge." *Id.* First, it noted there was a possibility that he might receive a sentence at least partially concurrent with the one he was serving. *Id.* This possibility was lost if trial on the pending charge was postponed. *Id.* Second, it noted the duration of his present incarceration might be increased or the conditions under which he served might be worsened because of the outstanding criminal charge. *Id.* Third, the court noted the anxiety of the outstanding charge could cause depression and leave little inclination toward self-improvement. *Id.*, 393 U.S. at 379. Finally, it noted that the possibility the delay would impair his ability to defend himself was increased when the accused is incarcerated in another jurisdiction. *Id.* Upon Smith's demand, the Court held "Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial." *Id.,* 393 U.S. at 383.

On the surface, *Hooey* appears to support Faruq's claim. However, on closer examination, it becomes apparent Faruq's Sixth Amendment claim fails as a matter of law. "Assessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes consideration of the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)(citation omitted).

AO72A
(Rev. 8/82)

However, "the Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *Sprouts*, 282 F.3d at 1042. *See also Doggett v. United States,* 505 U.S. 647, ----, 112 S. Ct. 2686, 2692, 120 L. Ed. 2d 520 (1992)(recognizing that the Sixth Amendment has no application before a formal criminal prosecution); *United States v. MacDonald,* 456 U.S. 1, 6, 102 S. Ct. 1497, 1500-01, 71 L. Ed. 2d 696 (1982)(Sixth Amendment attaches at arrest or formal accusation). While a formal accusation may be in the form of a complaint or information rather than an indictment, the Supreme Court has nevertheless narrowly defined the initiation of criminal prosecution for Sixth Amendment purposes to include "only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.'" *See United States v. Lovasco,* 431 U.S. 783, 788, 97 S. Ct. 2044, 2047-48, 52 L. Ed. 2d 752 (1977)(*quoting United States v. Marion,* 404 U.S. 307, 320, 92 S. Ct. 455, 463, 30 L. Ed. 2d 468 (1971)).

In this case, the Benton County District Court issued a warrant on a theft of property charge. *Warrant attached to the Complaint.* Although Faruq seems to believe a criminal case has filed against him in the Benton County Circuit Court, Faruq has not furnished the court with the criminal complaint.

In an effort to determine whether a criminal complaint had been filed, the court contacted the Benton County Circuit Court. *Letter Attached as Exhibit 1.* The court was orally informed that no criminal complaint, information, or indictment has been filed against Louis Lamar a/k/a Kahalifah Faruq. The Clerk of the Benton County Circuit Court also responded to the court's inquiry by writing the following on the court's November 8, 2006, letter: "We do not have any

AO72A
(Rev. 8/82)

information on the above named def[endant] in BCCC." *Letter with Handwritten Response attached as Exhibit 1*.

In this case, although a warrant was issued on the theft of property charge, Faruq has not been arrested on the warrant and no criminal complaint, information or indictment has been filed. The Sixth Amendment speedy trial provisions are therefore not at issue. *United States v. Marion,* 404 U.S. 307, 320, 92 S. Ct. 455, 463, 30 L. Ed. 2d 468 (1971)*(*finding that to invoke the Sixth Amendment speedy trial provision, the defendant need not necessarily have been formally charged, but he at least must have been arrested).

Furthermore, many of the individuals named as defendants are immune from suit or are not subject to suit under § 1983. First, Beth Echols, Robert C. Balfe, Robin Green, and Brandon Carter who are all prosecuting attorneys are immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976)(absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case"). Second, Brenda DeShields, Lynette Gahnish, and Sandy Lutjen who are all court clerks are immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted). *See Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see*

AO72A
(Rev. 8/82)

*also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Third, the Siloam Springs Police Department is not an entity subject to suit under § 1983. The police department is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Fourth, Randy Williams, the owner of Williams Trucking, is not subject to suit. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A private individual who complains of criminal conduct does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

AO72A
(Rev. 8/82)

## III. Conclusion

Accordingly, I recommend that Faruq's claims be dismissed for failure to state a claim and on the grounds the claims seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Faruq has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Faruq is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)